IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OPTIMA OIL & GAS COMPANY, LLC, )<br>a Colorado Limited Liability Company, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MEWBOURNE OIL COMPANY, a Texas )<br>Corporation, )<br>)<br>Defendant. ) | Case Number CIV-09-145-C |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a Complaint on February 5, 2009, asserting claims of abuse of process, fraud, constructive fraud, tortious interference with contractual or business relations, and tortious interference with prospective business advantage. Plaintiff is also seeking punitive damages. Plaintiff filed the present motion for partial summary judgment.

**BACKGROUND**

Plaintiff, a Colorado limited liability company, and Defendant, a Texas corporation, are both oil companies that owned oil and gas leasehold rights underlying a tract of land designated as Section 1, Township 20 North, Range 24 West, in Ellis County, State of Oklahoma (the Unit). Plaintiff owned 85% of the leasehold rights, while Defendant owned 15%. In February 2006, a dispute arose with respect to developing the Unit. According to Plaintiff, it informed Defendant that, as the majority leasehold owner, it intended to operate the Unit, was taking steps to develop it, and was actively marketing the prospect. Plaintiff contends that Defendant then indicated that it would await Plaintiff's decision regarding

development of the Unit. However, in June 2006, Defendant filed an application with the Oklahoma Corporation Commission (OCC) seeking to force pool Plaintiff's rights and interests within the Unit. This application was placed on the uncontested docket, even though Defendant was aware that Plaintiff intended to protest any pooling application it filed, and was set for hearing. Defendant sent notice of the application and upcoming hearing to Plaintiff at its Oklahoma City office but, due to problems at that particular office, Plaintiff did not receive actual notice of the hearing until after it occurred.

Subsequently, Plaintiff filed a Motion to Stay Issuance of Order and to Reopen. Before ruling on this motion, the OCC entered Pooling Order No. 528230 granting Defendant's pooling application. Plaintiff then filed a motion to vacate, requesting a full hearing on the pooling application. Both motions were ultimately denied by the OCC. Plaintiff then appealed to the Oklahoma Court of Civil Appeals (COCA), which found that the OCC erred in denying Plaintiff's motions, reversing and remanding for further proceedings. While Plaintiff's appeals were pending, Defendant filed a Motion for Extension of Time to Commence Operations under the pooling order and was ultimately granted a one-year extension, by which time Plaintiff's leases in the Unit had expired. The COCA ultimately found in favor of Plaintiff on its appeal and remanded the pooling order to the OCC.

Plaintiff subsequently filed a complaint on June 25, 2008, alleging claims of tortious interference with contractual rights and prospective business relations, fraud, and abuse of process. The complaint was voluntarily dismissed on August 19, 2008, and the present

2

complaint was filed on February 5, 2009. In its motion for partial summary judgment, Plaintiff argues that it is the real party in interest and that it has standing to pursue its claims. In addition, Plaintiff seeks a court order concerning the preclusive effect of a number of issues that it claims were fully litigated in the process of appealing the orders of the OCC.

## STANDARD

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769, 1774 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

The Supreme Court noted that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court went on to explain that, in this situation, there could be no genuine issue of material fact because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

## DISCUSSION

Plaintiff argues that issue preclusion bars the litigation of the following issues in this case: (1) Plaintiff is the real party in interest with standing to bring the present action; (2) Plaintiff received insufficient notice of the OCC hearing on Defendant's pooling application; (3) Defendant misled the OCC; and (4) the OCC's pooling order was entered in violation of Plaintiff's due process rights. The Court must look to Oklahoma law to determine whether issue preclusion applies in the present instance. See Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 373 (1996). In Oklahoma, there are four requirements for issue preclusion:

> [T]he issue sought to be precluded must be the same as that involved in the prior judicial proceeding; the issue was litigated in the prior action; the issue was in fact actually determined in the prior proceeding; and the determination of that issue was necessary to support the judgment in the prior proceeding.

4

Franklin v. Thompson, 981 F.2d 1168, 1170 (10th Cir. 1992) (internal citations and quotation marks omitted). "An issue is actually litigated and necessarily determined if it is properly raised in the pleadings, or otherwise submitted for determination, and judgment would not have been rendered but for the determination of that issue." Okla. Dep't of Pub. Safety v. McCrady, 2007 OK 39, ¶ 7, 176 P.3d 1194, 1199.

Issue preclusion will not apply, however, if the party against whom the doctrine is invoked did not have a full and fair opportunity to litigate the issue in the prior proceeding. Id. In making this determination, trial courts must consider:

> (1) whether the defendant had ample incentive to litigate the issue fully in the earlier proceeding; (2) whether the judgment or order for which preclusive effect is sought is itself inconsistent with one or more earlier judgments in the defendant's favor; and (3) whether the second action affords the defendant procedural opportunities unavailable in the first that could readily produce a different result. Other factors which can be relevant include: (1) whether the current litigation's legal demands are closely aligned in time and subject matter to those in the earlier proceedings; (2) whether the present litigation was clearly foreseeable to the defendant at the time of the earlier proceedings; and (3) whether in the first proceeding the defendant had sufficient opportunity to be heard on the issue.

Cities Serv. Co. v. Gulf Oil Corp., 1999 OK 14, ¶ 15, 980 P.2d 116, 125 (footnotes omitted).

**A. Plaintiff's Standing and Status as Real Party in Interest**

Defendant contends that Plaintiff is not the real party in interest in this lawsuit. According to Defendant, there are two separate entities named Optima Oil. One is a Colorado limited liability company (Colorado Optima) and the other is an Oklahoma business (Oklahoma Optima). Defendant claims that Oklahoma Optima was the party owning the leasehold interests in the Unit and the one that participated in the proceedings

5

before the OCC. According to Defendant, Colorado Optima, the entity that filed this lawsuit, is separate and distinct from Oklahoma Optima and therefore is not entitled to maintain the present action.

This issue was clearly raised by the parties in the prior proceeding before the COCA and it was actually litigated. Plaintiff stated in its brief-in-chief on appeal that it was a Colorado limited liability company with its principal place of business in Denver, CO. (See Dkt. No. 35, Ex. 3 at COCA-00040.) In its answer brief, Defendant claimed that there was never any reference to Plaintiff's status as a Colorado limited liability company and that no evidence was put on during the proceedings before the OCC regarding Colorado Optima's relationship to the Unit. (See Dkt. No. 35, Ex. 3 at COCA-000119; COCA-000129.)

In addition, it is clear that the COCA necessarily determined the issue. In its recitation of the underlying facts, the COCA stated that notice of the OCC hearing was mailed to Optima "at its Oklahoma City business address." (Dkt. No. 35, Ex. 1 at 3.) Additionally, the COCA noted that Defendant later sent correspondence "to Optima at both the Oklahoma City address and its Denver, Colorado address." (Dkt. No. 35, Ex. 1 at 6.) It is clear that the COCA considered that Colorado Optima was the appellant in the case before it. The fact that the COCA then proceeded to issue a ruling indicates that it found that Plaintiff had standing to bring the appeal. Such a finding was necessary to the court's judgment, since absent standing the court would have had no choice but to dismiss Plaintiff's appeal.

Contrary to Defendant's arguments, a review of the pertinent factors indicates it had a full and fair opportunity to litigate the issue of Plaintiff's standing during the appeal to the

COCA. It had every incentive to do so at that stage of the litigation. In addition, the present action was clearly foreseeable at the time of Plaintiff's appeal. If either party still felt aggrieved at the end of the appellate process, it was very likely that a subsequent lawsuit would be filed. Because Defendant had every opportunity to be heard on this issue in the prior proceeding, the Court finds that issue preclusion bars the relitigation of Plaintiff's standing and status as the real party in interest.[*] Plaintiff's motion will be granted on this point.

**B. Defendant Misled the OCC**

According to Plaintiff, Defendant misled the OCC when it represented that the pooling application was uncontested even though Plaintiff had previously informed Defendant that it intended to protest any pooling application that it filed. Plaintiff contends that the COCA's opinion indicates that it conclusively determined that Defendant misled the OCC and therefore Defendant is precluded from arguing to the contrary in the present litigation.

It is clear from the briefs filed before the COCA that this issue was actually litigated by the parties. (See Dkt. No. 35, Ex. 3 at COCA-000057; COCA-000060; COCA-000133-COCA-000139.) Further, it is clear that the COCA actually decided the issue, stating that "Mewbourne presented the Pooling Application as uncontested although it had actual notice and knowledge that Optima intended to oppose any pooling application on the Unit submitted

---

[*]Even if the Court were to find otherwise, it seems, based upon the parties' submissions, that Plaintiff would be entitled to summary judgment on the issue of its standing. Plaintiff has submitted copies of checks showing payment by Plaintiff, with a Colorado address, to the lessors of the interests in the Unit. (See Dkt. No. 43, Ex. 1.)

by Mewbourne . . . . In so doing, Mewbourne's counsel misled the Corporation Commission and caused it to enter an erroneous order." (Dkt. No. 35, Ex. 1 at 19-20.) The Court finds that this determination was necessary to the COCA's judgment because the court very clearly linked Defendant's conduct with the entry of an erroneous order. Defendant has not demonstrated that it lacked a full and fair opportunity to litigate this issue, and therefore it will be precluded from arguing in the course of the present proceedings that it did not mislead the OCC.

**C. Due Process and Lack of Notice**

Even if these issues were actually litigated by the parties on appeal, the Court finds that a careful reading of the COCA opinion indicates that they were not actually decided. In its findings, the COCA makes no mention that Plaintiff's due process rights were violated. Although it states that Plaintiff never had actual notice of the pooling application and hearing, the COCA never indicates that the notice was insufficient for constitutional purposes. Plaintiff goes too far in attempting to ascribe preclusive value to the COCA's opinion. Defendant will not be precluded from arguing whether it provided Plaintiff with sufficient notice of the pooling application and hearing and whether Plaintiff's due process rights were violated in the underlying OCC proceedings.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 35) is GRANTED IN PART and DENIED IN PART. The underlying COCA

opinion precludes Defendant from arguing that: (1) Plaintiff lacks standing to bring the present claims; and (2) it did not mislead the OCC during proceedings before that entity.

IT IS SO ORDERED this 21st day of July, 2010.

/s/ Robin J. Cauthron
ROBIN J. CAUTHRON
United States District Judge