IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

OPTIMA OIL & GAS COMPANY, LLC, )
a Colorado Limited Liability Company, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　)
vs. ) Case Number CIV-09-145-C
　　　　　　　　　　　　　　　　　　)
MEWBOURNE OIL COMPANY, )
a Texas Corporation, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant. )

MEMORANDUM OPINION AND ORDER

Plaintiff was the owner of 85% of oil and gas leasehold rights underlying lands comprised of Section One, Township 20 North, Range 24 West, in Ellis County, Oklahoma. Mewbourne owned the remaining 15%. In February 2006, Mewbourne contacted Optima indicating that it was interested in developing the unit and asked about Optima's interest in selling its ownership. Optima informed Mewbourne that it intended to be the operator of the unit and was taking steps to develop it. Later, despite its knowledge of Optima's intent, Mewbourne presented to the Oklahoma Corporation Commission a request to force pool Optima's rights in the unit. Mewbourne informed the Commission that the issue was uncontested and it was therefore submitted as such to the Administrative Law Judge and subsequently the Commission.

After the Commission had approved Mewbourne's request, Optima learned of the fact and undertook proceedings to reverse the action. Ultimately, Optima was successful in

obtaining a reversal of the Commission's action by the Oklahoma Court of Civil Appeals. Optima then filed this action seeking to recover damages arising from Mewbourne's conduct.

Mewbourne filed the present motion pursuant to Federal Rule of Civil Procedure 12(b)(1). According to Mewbourne, because Plaintiff's claims center on harms arising from misrepresentations to the Oklahoma Corporation Commission, Oklahoma law mandates that the Corporation Commission is the sole body with jurisdiction to consider the claims. Plaintiff objects, arguing that Defendant has misstated the nature of its claims and that its claims here are distinguishable from those raised in Leck v. Continental Oil Co., 1989 OK 173, 800 P.2d 224. The Court finds Defendant's argument well supported as Plaintiff's claims are squarely within the scope of the holding of Leck.

In Leck, the Oklahoma Supreme Court identified the claims brought by the plaintiff as "asking for damages because the [defendant] made misrepresentations to the commission during the hearing on the plaintiffs' application to have the allowable on the Wosika well reduced." Id. at ¶ 20, 229. The Oklahoma Supreme Court held that the only body with jurisdiction to consider those claims was the Oklahoma Corporation Commission. Id. Thus, the Oklahoma Supreme Court held, the district court did not have jurisdiction to consider the issue.

Here, a review of Plaintiff's Complaint makes clear that each claim raised arises from the misrepresentations to the Oklahoma Corporation Commission and alleges that damages arose as a result of that misrepresentation. Consequently, the Court finds that it lacks subject matter jurisdiction to further consider Plaintiff's claims.

Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 87) is granted. This matter is dismissed without prejudice. All other pending motions are stricken. A separate judgment will issue.

IT IS SO ORDERED this 8th day of August, 2011.

ROBIN J. CAUTHRON
United States District Judge